UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANE S. SMITH, as Executor of the
Estates of Julie Smith, Jaxon Smith and
Scarlett Smith, and WILLIAM FAY, SR.,
as Executor of the Estate of Josephine
Anna Fay,

      Plaintiffs,

vs.                                                                    Case No.:

TOYOTA MOTOR CORPORATION, a
foreign corporation, TOYOTA MOTOR NORTH
AMERICA, INC., a California corporation,
TOYOTA MOTOR MANUFACTURING,
INDIANA, INC., a domestic for profit
corporation, and BELLA AUTOMOTIVE
GROUP, LTD., a Florida Limited
Partnership, d/b/a Headquarter Toyota,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, SHANE S. SMITH, as Executor of the Estates of Julie Smith,

Jaxon Smith and Scarlett Smith, and WILLIAM FAY, SR., as Executor of the Estate

of Josephine Anna Fay ("Plaintiffs"), sue the Defendants TOYOTA MOTOR

CORPORATION, a foreign corporation, TOYOTA MOTOR NORTH AMERICA,

INC., a California corporation, TOYOTA MOTOR MANUFACTURING, INDIANA,

INC., an Indiana corporation, and BELLA AUTOMOTIVE GROUP, LTD., a Florida

Limited Partnership, (collectively "Defendants"), and allege as follows:

## AMOUNT IN CONTROVERSY

1.     This is a products liability and negligence action arising from the wrongful deaths of four persons.  Plaintiffs seek the recovery of money damages whose value, not including interest, attorney's fees, and costs, exceeds Seventy-Five Thousand ($75,000.00) Dollars.

## THE PARTIES

2.     Plaintiff, SHANE S. SMITH, brings this action as the Executor of three estates: the Estate of his late wife Julie Smith (Age at death: 42); the Estate of his minor son Jaxon Smith (age at death: 13); and the Estate of his minor daughter Scarlett Smith (Age at death: 6). SHANE SMITH is a resident of the State of California, over the age of eighteen (18) and otherwise *sui juris*.

3.     Plaintiff, WILLIAM FAY, SR., brings this wrongful death action as the Executor of the Estate of his late wife, Josephine Anna Fay (Age at death: 77). WILLIAM FAY, SR., is a resident of the State of Massachusetts, over the age of eighteen (18), and otherwise *sui juris*.

4.     At all times material, Defendant TOYOTA MOTOR CORPORATION, a foreign corporation (hereinafter "TOYOTA MOTOR"), was and is a foreign automotive corporation headquartered in Tokyo, Japan, and was doing business throughout the State of Florida for which it received substantial revenue.  This Defendant has engaged in the design, engineering, and manufacture of the Toyota Sienna which is the subject of this case.  At all times material hereto, the Defendant, TOYOTA MOTOR, authorized certain motor vehicle distributors and/or dealers

within and/or outside the State of Florida to sell and/or distribute motor vehicles designed, engineered, and manufactured by the Defendant, TOYOTA MOTOR. The Defendant TOYOTA MOTOR'S Registered Agent is Toyota Motor Sales, USA, Inc., 6565 Headquarters Drive, Plano, Texas 75024.

5.     At all times material, Defendant TOYOTA MOTOR NORTH AMERICA, INC., a California corporation, (hereinafter "TOYOTA NORTH AMERICA"), was and is a holding company of sales and manufacturing subsidiaries of Toyota Motor Corporation in the United States. The company is a California corporation headquartered in Plano, Texas, and is the successor-in-interest to Toyota Motor Engineering and Manufacturing North America, Inc. TOYOTA NORTH AMERICA operates fifteen manufacturing facilities in America, including one located in Princeton, Indiana which engineers, designs, manufactures, and assembles the so-called third-generation Toyota Sienna, the subject Toyota Sienna in this case. TOYOTA NORTH AMERICA caused Siennas, including the Sienna which is the subject of this case, to be distributed and sold through other Toyota subsidiaries throughout the State of Florida and has received substantial revenue for placing Siennas into the stream of commerce, including into Florida.  The Defendant, TOYOTA NORTH AMERICA's Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6.     At all times material, Defendant TOYOTA MOTOR MANUFACTURERING, INDIANA, INC., was and is an Indiana for profit corporation, (hereinafter "TOYOTA INDIANA") whose principal address is 4000

South Tulip Tree Drive, Princeton, Indiana 47670. TOYOTA INDIANA was and is a company that engages in the manufacturing, assembly, and testing of Toyota Siennas, including the subject Sienna in this case. TOYOTA INDIANA's Registered Agent is CT Corporation System, 334 North Senate Avenue, Indianapolis, Indiana 46204.

7.     At all times material, Defendant BELLA AUTOMOTIVE GROUP, LTD., d/b/a "Headquarter Toyota", was and is a Florida Limited Partnership (hereinafter "BELLA AUTOMOTIVE") with a principal place of business at 5895 NW 167th Street, Miami, Florida 33015.  At all times material, Defendant BELLA AUTOMOTIVE was one of the Defendant's TOYOTA MOTOR's motor vehicle dealers, who was authorized to distribute, sell, lease, and service motor vehicles and component parts manufactured by TOYOTA MOTOR, including the distribution or sale of the subject Toyota Sienna at issue in this case. At all times material, Defendant BELLA AUTOMOTIVE acted as the actual and/or implied agent and representative of Defendant, TOYOTA MOTOR, for the purpose of recommending, selling, leasing, installing, distributing, inspecting, maintaining, repairing, and replacing the vehicle and component parts of vehicles, including the subject Sienna in this case.  The Defendant's Registered Agent is Judy Lserra Farcus, 5895 NW 167th Street, Miami, Florida 33015.

## BASIS FOR JURISDICTION AND VENUE

8.     Pursuant to 28 U.S.C. § 1332, which provides in relevant part that district courts shall have original jurisdiction where the amount in controversy

exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, this District Court has jurisdiction over this dispute. As more fully alleged hereinafter, this Court has specific jurisdiction over this products liability claim and Complaint pursuant to Florida's "Long Arm Statute", Florida Statute §48.193(1)(a)-(b) in that the Defendants operate, conduct, and engage in substantial and not isolated activity within this state which generates substantial revenue. Further, the Defendants submitted themselves to the jurisdiction of this Court by virtue of assuming the liabilities for the actions of their employees and/or agents, who performed the following acts:

a. Committing a tortious act within this state by selling and delivering defective vehicles, including the 2020 Toyota Sienna that is the subject of this Complaint, to persons, firms or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such vehicles were used by consumers in Florida in the ordinary course of commerce and trade;

b. Conducting and engaging in substantial business and other activities in Florida by selling products, including the 2020 Toyota Sienna that is the subject of this Complaint, to persons, firms or corporations in this state via its distributors, wholesalers, dealers and brokers. Such products were used by consumers in Florida in the ordinary course of commerce and trade;

c. The acts or omissions the Defendants caused fatal injuries to persons in Florida, including to Julie Smith, Jaxon Smith, Scarlett Smith, and Josephine Anna Fay. At or about the time of said fatalities, the Defendants engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance, and repair of its vehicles, including the 2020 Toyota Sienna vehicle that is the subject of this Complaint;

    d.    Selling vehicles, including the 2020 Toyota Sienna that is the subject of this Complaint, with knowledge or reason to foresee that these vehicles would be shipped in interstate commerce and would reach the market of Florida users or consumers; and

    e.    Voluntarily qualifying to conduct business in this State by registering with the Florida Department of State and designating a registered agent for service of process in Florida.

    9.    Pursuant to 28 U.S. Code § 1391(b), which provides, in pertinent part, that a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or any defendant is subject to the court's personal jurisdiction with respect to such action, venue is proper in the Middle District of Florida, Orlando Division, in that the subject vehicular crash involving the subject 2020 Toyota Sienna occurred on February 18, 2020 at approximately 5:29 PM on State Road 429 (Daniel Webster Western Beltway) in an unincorporated area inside Osceola County, Florida within the territory of this Middle District, and because each defendant is subject to the court's personal jurisdiction with respect to this action based on the grounds set forth in Paragraph 8.

## FACTS COMMON TO PLAINTIFFS' CLAIMS AGAINST DEFENDANTS

    10.    On February 18, 2020, Plaintiff Shane S. Smith ("Shane") was behind the wheel of a 2020 Toyota Sienna (Vehicle Identification Number: 5TDYZ3DC6LS057173) (hereinafter, the "subject Toyota Sienna"). Alongside Shane in the right front passenger seat was his father-in-law Plaintiff William ("Bill") Fay, Sr. (age 78). Bill had rented the Toyota Sienna from Enterprise

Leasing, Inc. for the family's use while on vacation from their homes in Massachusetts for the purpose of visiting the attractions in the Orlando area. Seated behind Shane in the second passenger row were (left to right) Shane's only son Jaxon Smith (age 13). In the second passenger row's middle seat was twin daughter, Skylar Smith. (age 6). In the second passenger row's right-side seat was Shane's eldest daughter Shalie Smith (age 6).

11.    The subject Toyota Sienna also featured third row passenger seating. In that third passenger row's left-side seat (behind Jaxon) was seated Shane's wife, the mother of their four children, Julie Smith (age 42).  In the middle seat of that third passenger row was seated their daughter, Skylar's twin, Scarlett Smith (age 6). Finally, in that third passenger row, in the right-side row was Bill's wife of over 50 years, Julie's mother, the grandmother of Shane and Julie's four children, Josephine Anna Fay (age 77).  All of the passengers inside the Toyota Sienna were properly seated and were properly using their available seat belts.

12.    At approximately 5:29 pm, Shane had slowed down in the right lane in response to rush hour traffic congestion on S.R. 429 (Daniel Webster Western Beltway) south of Sinclair Road, slowly bringing the Toyota Sienna to a near stop. Suddenly and without any warning whatsoever, the Toyota Sienna was struck in the rear by a Ram Heavy Duty pick-up.

13.    As a result of the defective and unreasonably dangerous condition of the Toyota Sienna, which was designed, tested, manufactured, marketed, assembled and fabricated by the Defendants TOYOTA MOTOR, TOYOTA NORTH

AMERICA, and TOYOTA INDIANA, and sold and/or distributed by BELLA AUTOMOTIVE, the rear impact caused intrusion damage into the Sienna's third row passenger compartment, as well as induced damage such that survival space was fatally compromised. All three third-row passengers, Julie Smith, Scarlett Smith and Josephine Fay were killed. In addition, the intrusion and induced damage caused by the left-offset rear-end collision killed Jaxon Smith. It was entirely foreseeable to and well-known by Defendants that accidents and incidents involving their vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicles.

14.    The subject accident should not have resulted in a serious injury, let alone four deaths.  None of the other occupants in the Sienna who were not seated in the third-row passenger compartment, or directly traumatized by its structural failure were seriously injured.

15.    The injuries and deaths complained of occurred because the subject Toyota Sienna was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable accidents. The lack of adequate structural protection to preserve occupant survival space was the producing cause of the fatal injuries to Julie Smith, Scarlett Smith, Jaxon Smith and Josephine Fay.  As a result of structural intrusion and induced damage to the subject Toyota Sienna, these four decedents sustained fatal injuries.

**COUNT I**
**STRICT LIABILITY AGAINST TOYOTA MOTOR CORPORATION**
**("TOYOTA MOTOR")**

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 1-15, above.

16.    The Defendant, TOYOTA MOTOR, owed a duty to the Plaintiffs, SHANE S. SMITH and WILLIAM FAY, SR., and other persons similarly situated to use reasonable care in designing, testing, assembling, warning, and manufacturing the Toyota Sienna, and in the testing and inspecting of component parts made by third parties and incorporated into the vehicle, so that the subject Toyota Sienna could be safely used in a manner and for the purpose for which it was made.

17.    At all times material hereto, the subject Toyota Siennas were designed and manufactured without due consideration for their crashworthiness characteristics to withstand intended and/or reasonably foreseeable conditions during normal vehicle operation.

18.    At all times material hereto, the Defendant, TOYOTA MOTOR, failed to perform testing adequate to determine the circumstances under which the vehicle's crashworthiness and third row passenger seating would become dangerous or hazardous to occupants within the vehicle while being used under intended or reasonably foreseeable conditions and/or during foreseeable motor vehicle collisions.

19.    The Defendant, TOYOTA MOTOR, placed the subject Toyota Sienna on the market with knowledge that it would be used without inspection for such defects and dangers. The Defendant knew, or should have known, that ultimate users, operators, and consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

20.    At the time of the incident, the subject Toyota Sienna was in substantially the same condition as when sold and distributed by the Defendant, TOYOTA MOTOR.

21.    The Defendant, TOYOTA MOTOR, designed, manufactured, and placed the vehicle into the stream of commerce, intending that it be used in the precise ordinary and foreseeable manner that it was being used at the time the above-described crash and fatalities occurred.

22.    The subject Toyota Sienna was defective and unreasonably dangerous to ultimate users, operators, and consumers within the meaning of Section 402(A) Restatement (Second) Torts, when sold and distributed by the Defendant, TOYOTA MOTOR, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested for the following reasons, among others:

   a.    Toyota violated principles of crashworthiness because the Sienna was dangerously designed and manufactured with a weak rear-end structure which allows for the destruction of the

occupant survival space;

b.     Toyota dangerously designed and manufactured the Sienna with insufficient reinforcement between the rear D pillars which rendered the vehicle unable to adequately protect occupants in rear-end collisions;

c.     Toyota dangerously located the Sienna's third-row seating positions far back within the rear-impact crush zone;

d.     Toyota designed and manufactured the Sienna with a rear-end structure which was too low to the pavement so that vehicles striking the Sienna from the rear would override upwards and through the minimal crush zone into the passenger compartment; and

e.     Toyota designed and manufactured the Sienna so that it failed to provide adequate energy dissipation and occupant compartment integrity, particularly in rear impact crashes involving override.

23.     For the reasons set forth above, the subject Toyota Sienna was unreasonably dangerous to foreseeable users, including the Plaintiffs, who used the subject Toyota Sienna in an ordinary and foreseeable manner.

24.     Safer alternative designs existed at the time of the design of the 2020 Toyota Sienna which were both economically and technologically feasible. Had such alternative design features been incorporated into the subject Toyota Sienna the deaths of the four decedents would not have occurred.

25.     At the time the Defendant, TOYOTA MOTOR, released the defective subject Toyota Sienna into the stream of commerce, non-defective vehicles were economically and technologically feasible which incorporated non-defective designs that would not impair the integrity and crashworthiness of the subject

Toyota Sienna.

26.    The defects described above directly and proximately caused the injuries sustained in that they directly, and in natural and continuous sequence, produced or contributed substantially to the deaths of Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay.

27.    Plaintiffs re-allege and incorporate herein paragraph 90 (Plaintiffs' Damages), which specifies recoverable damages pursuant to §768.21 Florida Statutes caused by Defendant TOYOTA MOTOR.

WHEREFORE, the Plaintiffs SHANE S. SMITH and WILLIAM FAY, SR. demand judgment against the Defendant, TOYOTA MOTOR, for compensatory damages, costs, interest as allowed by law pursuant to §768.21 Florida Statutes, and for such other relief as the Court deems just, and demands a trial by jury in all issues so triable as a matter of right.

## COUNT II
## NEGLIGENCE AGAINST TOYOTA MOTOR CORPORATION
## ("TOYOTA MOTOR")

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 1-15, above.

28.    The Defendant, TOYOTA MOTOR, was under a duty to properly and adequately design, manufacture, assemble, sell, test, inspect, label, and provide adequate warnings for the subject Toyota Sienna to ensure it was released into the stream of commerce in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under

ordinary circumstances, would come into contact with the subject Toyota Sienna, including the Plaintiffs.

29.    The Defendant, TOYOTA MOTOR, had a duty to design, manufacture, assemble, test, inspect, label, and provide adequate warning for the subject Toyota Sienna to ensure it was released into the stream of commerce in a manner that would uphold the vehicle's crashworthiness, including to passengers seated in the third row.

30.    The Defendant, TOYOTA MOTOR, knew or in the exercise of due care should have known, that the subject Toyota Sienna would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including the Plaintiffs.

31.    The Defendants knew or should have known that the 2020 Sienna was unreasonably dangerous to belted occupants in foreseeable rear-end collisions, especially in the third-row passenger compartment and/or due to intrusion into the third row passenger compartment.

32.    The Defendant, TOYOTA MOTOR CORPORATION, negligently designed, developed, manufactured, imported, inspected, distributed and sold vehicles, including the subject Toyota Sienna, to the public.  In particular, the Defendant, TOYOTA MOTOR, breached its duty of reasonable care owed to Plaintiff for the following reasons, among others:

   a.    Toyota violated principles of crashworthiness because the Sienna was dangerously designed and manufactured with a weak rear-end structure which allows for the destruction of the

occupant survival space;

b.     Toyota dangerously designed and manufactured the Sienna with insufficient reinforcement between the rear D pillars which rendered the vehicle unable to adequately protect occupants in rear-end collisions;

c.     Toyota dangerously located the Sienna's third-row seating positions far back within the rear-impact crush zone;

d.     Toyota designed and manufactured the Sienna with a rear-end structure which was too low to the pavement so that vehicles striking the Sienna from the rear would override upwards and through the minimal crush zone into the passenger compartment; and

e.     Toyota designed and manufactured the Sienna so that it failed to provide adequate energy dissipation and occupant compartment integrity, particularly in rear impact crashes involving override.

33.    The Defendant, TOYOTA MOTOR, either knew or should have known, that the above defects existed in the subject Toyota Sienna.

34.    The negligence described above directly and proximately caused the incident and injuries sustained by the Plaintiffs in that it directly, and in natural and continuous sequence, produced or contributed substantially to the deaths of Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay.

35.    Defendants were negligent in failing to design and manufacture a safer vehicle in light of such knowledge and, further, were negligent in failing to warn consumers of the hidden dangers of the Sienna in the event of rear-end collisions.

14

36.    As a direct and proximate result of the foregoing conduct of the Defendant, Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay suffered fatal injuries.

37.    Plaintiffs re-allege and incorporate herein paragraph 90 (Plaintiffs' Damages), for a recitation of Plaintiff's damages pursuant to §768.21 Florida Statutes caused by Defendant TOYOTA MOTOR.

WHEREFORE, the Plaintiffs SHANE S. SMITH and WILLIAM FAY, SR. demand judgment against the Defendant, TOYOTA MOTOR, for compensatory damages, costs, interest as allowed by law pursuant to §768.21 Florida Statutes, and for such other relief as the Court deems just and demands a trial by jury in all issues so triable as a matter of right.

## COUNT III
## STRICT LIABILITY AGAINST TOYOTA MOTOR NORTH AMERICA, INC. ("TOYOTA NORTH AMERICA")

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 1-15, above.

38.    The Defendant, TOYOTA NORTH AMERICA, owed a duty to the Plaintiffs, SHANE S. SMITH and WILLIAM FAY, SR., and other persons similarly situated to use reasonable care in designing, testing, assembling, warning, and manufacturing the Toyota Sienna, and in the testing and inspecting of component parts made by third parties and incorporated into the vehicle, so that the subject

Toyota Sienna could be safely used in a manner and for the purpose for which it was made.

39.    At all times material hereto, the subject Toyota Siennas were designed and manufactured without due consideration for their crashworthiness characteristics to withstand intended and/or reasonably foreseeable conditions during normal vehicle operation.

40.    At all times material hereto, the Defendant, TOYOTA NORTH AMERICA, failed to perform testing adequate to determine the circumstances under which the vehicle's crashworthiness and third row passenger seating would become dangerous or hazardous to occupants within the vehicle while being used under intended or reasonably foreseeable conditions and/or during foreseeable motor vehicle collisions.

41.    The Defendant, TOYOTA NORTH AMERICA, placed the subject Toyota Sienna on the market with knowledge that it would be used without inspection for such defects and dangers. The Defendant knew, or should have known, that ultimate users, operators, and consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

42.    At the time of the incident, the subject Toyota Sienna was in substantially the same condition as when sold and distributed by the Defendant, TOYOTA NORTH AMERICA.

43.     The   Defendant,   TOYOTA   NORTH   AMERICA,   designed, manufactured, and placed the vehicle into the stream of commerce, intending that it be used in the precise ordinary and foreseeable manner that it was being used at the time the above-described crash and fatalities occurred.

44.     The subject Toyota Sienna was defective and unreasonably dangerous to ultimate users, operators, and consumers within the meaning of Section 402(A) Restatement (Second) Torts, when sold and distributed by the Defendant, TOYOTA NORTH AMERICA, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested for the following reasons, among others:

a.     Toyota violated principles of crashworthiness because the Sienna was dangerously designed and manufactured with a weak rear-end structure which allows for the destruction of the occupant survival space;

b.     Toyota dangerously designed and manufactured the Sienna with insufficient reinforcement between the rear D pillars which rendered the vehicle unable to adequately protect occupants in rear-end collisions;

c.     Toyota dangerously located the Sienna's third-row seating positions far back within the rear-impact crush zone;

d.     Toyota designed and manufactured the Sienna with a rear-end structure which was too low to the pavement so that vehicles striking the Sienna from the rear would override upwards and through the minimal crush zone into the passenger compartment;

e.     Toyota designed and manufactured the Sienna so that it failed to provide adequate energy dissipation and occupant compartment integrity, particularly in rear impact crashes

involving override.

45.     For the reasons set forth above, the subject Toyota Sienna was unreasonably dangerous to foreseeable users, including the Plaintiffs, who used the subject Toyota Sienna in an ordinary and foreseeable manner.

46.     Safer alternative designs existed at the time of the design of the 2020 Toyota Sienna which were both economically and technologically feasible. Had such alternative design features been incorporated into the subject Toyota Sienna the deaths of the four decedents would not have occurred.

47.     At the time the Defendant, TOYOTA NORTH AMERICA, released the defective subject Toyota Sienna into the stream of commerce, non-defective vehicles were economically and technologically feasible which incorporated non-defective designs that would not impair the integrity and crashworthiness of the subject Toyota Sienna.

48.     The defects described above directly and proximately caused the injuries sustained in that they directly, and in natural and continuous sequence, produced or contributed substantially to the deaths of Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay.

49.     Plaintiffs re-allege and incorporate herein paragraph 90 (Plaintiffs' Damages), which specifies recoverable damages pursuant to §768.21 Florida Statutes caused by Defendant TOYOTA NORTH AMERICA.

WHEREFORE, the Plaintiffs SHANE S. SMITH and WILLIAM FAY, SR. demand judgment against the Defendant, TOYOTA NORTH AMERICA, for

compensatory damages, costs, interest as allowed by law pursuant to §768.21 Florida Statutes, and for such other relief as the Court deems just, and demands a trial by jury in all issues so triable as a matter of right.

## COUNT IV
## NEGLIGENCE AGAINST TOYOTA MOTOR NORTH AMERICA, INC. ("TOYOTA NORTH AMERICA")

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 1-15, above.

50.    The Defendant, TOYOTA NORTH AMERICA, was under a duty to properly and adequately design, manufacture, assemble, sell, test, inspect, label, and provide adequate warnings for the subject Toyota Sienna to ensure it was released into the stream of commerce in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with the subject Toyota Sienna, including the Plaintiffs.

51.    The Defendant, TOYOTA NORTH AMERICA, had a duty to design, manufacture, assemble, test, inspect, label, and provide adequate warning for the subject Toyota Sienna to ensure it was released into the stream of commerce in a manner that would uphold the vehicle's crashworthiness, including to passengers seated in the third row.

52.    The Defendant, TOYOTA NORTH AMERICA, knew or in the exercise of due care should have known, that the subject Toyota Sienna would be used

without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including the Plaintiffs.

53.    The Defendants knew or should have known that the 2020 Sienna was unreasonably dangerous to belted occupants in foreseeable rear-end collisions, especially in the third-row passenger compartment and/or due to intrusion into the third row passenger compartment.

54.    The Defendant, TOYOTA NORTH AMERICA, negligently designed, developed, manufactured, imported, inspected, distributed and sold vehicles, including the subject Toyota Sienna, to the public.  In particular, the Defendant, TOYOTA NORTH AMERICA, breached its duty of reasonable care owed to Plaintiff for the following reasons, among others:

   a.    Toyota violated principles of crashworthiness because the Sienna was dangerously designed and manufactured with a weak rear-end structure which allows for the destruction of the occupant survival space;

   b.    Toyota dangerously designed and manufactured the Sienna with insufficient reinforcement between the rear D pillars which rendered the vehicle unable to adequately protect occupants in rear-end collisions;

   c.    Toyota dangerously located the Sienna's third-row seating positions far back within the rear-impact crush zone;

   d.    Toyota designed and manufactured the Sienna with a rear-end structure which was too low to the pavement so that vehicles striking the Sienna from the rear would override upwards and through the minimal crush zone into the passenger compartment; and

   e.    Toyota designed and manufactured the Sienna so that it failed to provide adequate energy dissipation and occupant

compartment integrity, particularly in rear impact crashes involving override.

55.    The Defendant, TOYOTA NORTH AMERICA, either knew or should have known, that the above defects existed in the subject Toyota Sienna.

56.    The negligence described above directly and proximately caused the incident and injuries sustained by the Plaintiffs in that it directly, and in natural and continuous sequence, produced or contributed substantially to the deaths of Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay.

57.    Defendants were negligent in failing to design and manufacture a safer vehicle in light of such knowledge and, further, were negligent in failing to warn consumers of the hidden dangers of the Sienna in the event of rear-end collisions.

58.    As a direct and proximate result of the foregoing conduct of the Defendant, Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay suffered fatal injuries.

59.    Plaintiffs re-allege and incorporate herein paragraph 90 (Plaintiffs' Damages), for a recitation of Plaintiff's damages pursuant to §768.21 Florida Statutes caused by Defendant TOYOTA NORTH AMERICA.

WHEREFORE, the Plaintiffs SHANE S. SMITH and WILLIAM FAY, SR. demand judgment against the Defendant, TOYOTA NORTH AMERICA, for compensatory damages, costs, interest as allowed by law pursuant to §768.21

Florida Statutes, and for such other relief as the Court deems just and demands a trial by jury in all issues so triable as a matter of right.

## COUNT V STRICT LIABILITY AGAINST TOYOTA MOTOR MANUFACTURING, INDIANA, INC. ("TOYOTA INDIANA")

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 1-15, above.

60.    The Defendant, TOYOTA INDIANA, owed a duty to the Plaintiffs, SHANE S. SMITH and WILLIAM FAY, SR., and other persons similarly situated to use reasonable care in designing, testing, assembling, warning, and manufacturing the Toyota Sienna, and in the testing and inspecting of component parts made by third parties and incorporated into the vehicle, so that the subject Toyota Sienna could be safely used in a manner and for the purpose for which it was made.

61.    At all times material hereto, the subject Toyota Siennas were designed and manufactured without due consideration for their crashworthiness characteristics to withstand intended and/or reasonably foreseeable conditions during normal vehicle operation.

62.    At all times material hereto, the Defendant, TOYOTA INDIANA, failed to perform testing adequate to determine the circumstances under which the vehicle's crashworthiness and third row passenger seating would become dangerous or hazardous to occupants within the vehicle while being used under intended or reasonably foreseeable conditions and/or during foreseeable motor

vehicle collisions.

63.    The Defendant, TOYOTA INDIANA, placed the subject Toyota Sienna on the market with knowledge that it would be used without inspection for such defects and dangers. The Defendant knew, or should have known, that ultimate users, operators, and consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

64.    At the time of the incident, the subject Toyota Sienna was in substantially the same condition as when sold and distributed by the Defendant, TOYOTA INDIANA.

65.    The Defendant, TOYOTA INDIANA, designed, manufactured, and placed the vehicle into the stream of commerce, intending that it be used in the precise ordinary and foreseeable manner that it was being used at the time the above-described crash and fatalities occurred.

66.    The subject Toyota Sienna was defective and unreasonably dangerous to ultimate users, operators, and consumers within the meaning of Section 402(A) Restatement (Second) Torts, when sold and distributed by the Defendant, TOYOTA INDIANA, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested for the following reasons, among others:

    a.    Toyota violated principles of crashworthiness because the Sienna was dangerously designed and manufactured with a weak rear-end structure which allows for the destruction of the

occupant survival space;

b.      Toyota dangerously designed and manufactured the Sienna with insufficient reinforcement between the rear D pillars which rendered the vehicle unable to adequately protect occupants in rear-end collisions;

c.      Toyota dangerously located the Sienna's third-row seating positions far back within the rear-impact crush zone;

d.      Toyota designed and manufactured the Sienna with a rear-end structure which was too low to the pavement so that vehicles striking the Sienna from the rear would override upwards and through the minimal crush zone into the passenger compartment; and

e.      Toyota designed and manufactured the Sienna so that it failed to provide adequate energy dissipation and occupant compartment integrity, particularly in rear impact crashes involving override.

67.    For the reasons set forth above, the subject Toyota Sienna was unreasonably dangerous to foreseeable users, including the Plaintiffs, who used the subject Toyota Sienna in an ordinary and foreseeable manner.

68.    Safer alternative designs existed at the time of the design of the 2020 Toyota Sienna which were both economically and technologically feasible. Had such alternative design features been incorporated into the subject Toyota Sienna the deaths of the four decedents would not have occurred.

69.    At the time the Defendant, TOYOTA INDIANA, released the defective subject Toyota Sienna into the stream of commerce, non-defective vehicles were economically and technologically feasible which incorporated non-defective designs that would not impair the integrity and crashworthiness of the subject

Toyota Sienna.

70.    The defects described above directly and proximately caused the injuries sustained in that they directly, and in natural and continuous sequence, produced or contributed substantially to the deaths of Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay.

71.    Plaintiffs re-allege and incorporate herein paragraph 90 (Plaintiffs' Damages), which specifies recoverable damages pursuant to §768.21 Florida Statutes caused by Defendant TOYOTA INDIANA.

WHEREFORE, the Plaintiffs SHANE S. SMITH and WILLIAM FAY, SR. demand judgment against the Defendant, TOYOTA INDIANA, for compensatory damages, costs, interest as allowed by law pursuant to §768.21 Florida Statutes, and for such other relief as the Court deems just, and demands a trial by jury in all issues so triable as a matter of right.

## COUNT VI
## NEGLIGENCE AGAINST TOYOTA MOTOR MANUFACTURERING, INDIANA, INC.

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 1-15, above.

72.    The Defendant, TOYOTA INDIANA, was under a duty to properly and adequately design, manufacture, assemble, sell, test, inspect, label, and provide adequate warnings for the subject Toyota Sienna to ensure it was released into the stream of commerce in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under

ordinary circumstances, would come into contact with the subject Toyota Sienna, including the Plaintiffs.

73.    The Defendant, TOYOTA INDIANA, had a duty to design, manufacture, assemble, test, inspect, label, and provide adequate warning for the subject Toyota Sienna to ensure it was released into the stream of commerce in a manner that would uphold the vehicle's crashworthiness, including to passengers seated in the third row.

74.    The Defendant, TOYOTA INDIANA, knew or in the exercise of due care should have known, that the subject Toyota Sienna would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including the Plaintiffs.

75.    The Defendants knew or should have known that the 2020 Sienna was unreasonably dangerous to belted occupants in foreseeable rear-end collisions, especially in the third-row passenger compartment and/or due to intrusion into the third row passenger compartment.

76.    The Defendant, TOYOTA INDIANA, negligently designed, developed, manufactured, imported, inspected, distributed and sold vehicles, including the subject Toyota Sienna, to the public.  In particular, the Defendant, TOYOTA INDIANA, breached its duty of reasonable care owed to Plaintiff for the following reasons, among others:

    a.    Toyota violated principles of crashworthiness because the Sienna was dangerously designed and manufactured with a weak rear-end structure which allows for the destruction of the

occupant survival space;

b.      Toyota dangerously designed and manufactured the Sienna with insufficient reinforcement between the rear D pillars which rendered the vehicle unable to adequately protect occupants in rear-end collisions;

c.      Toyota dangerously located the Sienna's third-row seating positions far back within the rear-impact crush zone;

d.      Toyota designed and manufactured the Sienna with a rear-end structure which was too low to the pavement so that vehicles striking the Sienna from the rear would override upwards and through the minimal crush zone into the passenger compartment; and

e.      Toyota designed and manufactured the Sienna so that it failed to provide adequate energy dissipation and occupant compartment integrity, particularly in rear impact crashes involving override.

77.     The Defendant, TOYOTA INDIANA, either knew or should have known, that the above defects existed in the subject Toyota Sienna.

78.     The negligence described above directly and proximately caused the incident and injuries sustained by the Plaintiffs in that it directly, and in natural and continuous sequence, produced or contributed substantially to the deaths of Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay.

79.     Defendants were negligent in failing to design and manufacture a safer vehicle in light of such knowledge and, further, were negligent in failing to warn consumers of the hidden dangers of the Sienna in the event of rear-end collisions.

80.    As a direct and proximate result of the foregoing conduct of the Defendant, Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay suffered fatal injuries.

81.    Plaintiffs re-allege and incorporate herein paragraph 90 (Plaintiffs' Damages), for a recitation of Plaintiff's damages pursuant to §768.21 Florida Statutes caused by Defendant TOYOTA MOTOR.

WHEREFORE, the Plaintiffs SHANE S. SMITH and WILLIAM FAY, SR. demand judgment against the Defendant, TOYOTA INDIANA, for compensatory damages, costs, interest as allowed by law pursuant to §768.21 Florida Statutes, and for such other relief as the Court deems just and demands a trial by jury in all issues so triable as a matter of right.

**COUNT VII**
**STRICT LIABILITY AGAINST BELLA AUTOMOTIVE GROUP, LTD.**
**D/B/A HEADQUARTER TOYOTA, ("BELLA AUTOMOTIVE")**

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 1-15, above.

82.    The Defendant, BELLA AUTOMOTIVE, distributed or sold the subject Toyota Sienna onto the market with knowledge that it would be used without inspection for the defects and dangers. The Defendant knew, or should have known, that ultimate users, operators, and consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such

persons.

83.    At the time of the incident, the subject Toyota Sienna was in substantially the same condition as when sold and distributed by the Defendant, BELLA AUTOMOTIVE.

84.    At the time of the incident, the subject Toyota Sienna was being used in an ordinary and foreseeable manner.

85.    The subject Toyota Sienna was defective and unreasonably dangerous to ultimate users, operators, and consumers within the meaning of Section 402(A) Restatement (Second) Torts, when sold and distributed by the Defendant, BELLA AUTOMOTIVE, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested for the following reasons, among others:

a.    Toyota violated principles of crashworthiness because the Sienna was dangerously designed and manufactured with a weak rear-end structure which allows for the destruction of the occupant survival space;

b.    Toyota dangerously designed and manufactured the Sienna with insufficient reinforcement between the rear D pillars which rendered the vehicle unable to adequately protect occupants in rear-end collisions;

c.    Toyota dangerously located the Sienna's third-row seating positions far back within the rear-impact crush zone;

d.    Toyota designed and manufactured the Sienna with a rear-end structure which was too low to the pavement so that vehicles striking the Sienna from the rear would override upwards and through the minimal crush zone into the passenger compartment; and

e.   Toyota designed and manufactured the Sienna so that it failed to provide adequate energy dissipation and occupant compartment integrity, particularly in rear impact crashes involving override.

86.   For the reasons set forth above, the subject Toyota Sienna was unreasonably dangerous to foreseeable users, including the Plaintiffs, who used the subject Toyota Sienna in an ordinary and foreseeable manner.

87.   At the time the Defendant, BELLA AUTOMOTIVE, released the defective subject Toyota Sienna into the stream of commerce, non-defective vehicles were economically and technologically feasible which incorporated non-defective designs that would not impair the integrity and crashworthiness of the subject Toyota Sienna.

88.   The defects described above directly and proximately caused the incident and injuries sustained by the Plaintiffs in that they directly, and in natural and continuous sequence, produced or contributed substantially to the deaths of Julie Smith, Jaxson Smith, Scarlett Smith, and Josephine Anna Fay.

89.   Plaintiffs re-allege and incorporate herein paragraph 90 (Plaintiffs' Damages), for a recitation of Plaintiff's damages pursuant to §768.21 Florida Statutes caused by Defendant BELLA AUTOMOTIVE.

WHEREFORE, the Plaintiffs SHANE S. SMITH and WILLIAM FAY, SR. demand judgment against the Defendant, BELLA AUTOMOTIVE, for compensatory damages, costs, interest as allowed by law, damages pursuant to

§768.21 Florida Statutes, and for such other relief as the Court deems just and demands a trial by jury in all issues so triable as a matter of right.

## PLAINTIFFS' DAMAGES

Plaintiffs re-allege and incorporate herein all allegations contained within paragraphs 16-89, above.

90.    As a direct and proximate result of the foregoing defects in the subject Sienna, Plaintiffs' decedents' survivors and estates have sustained in the past and will continue to sustain into the future recoverable compensatory damages under Florida Statute §768.21, Florida's "Wrongful Death Act", as follows:

### *Recoverable Damages From The Death of Julie Smith*

#### *Shane Smith's Damages for the Loss of His Wife*:

(i) Shane Smith is entitled to recover compensatory damages for the loss of his decedent wife Julie's companionship and protection, and for mental pain and suffering from the date of her death to the date of their joint life expectancies which is 35.85 years. F.S. § 768.21 (2);

(ii) the value of Julie's lost support and services, including the amount of Julie's probable net income available for distribution to Shane and the replacement value of Julie's services as a wife and mother of their two surviving children may be considered. F.S. § 768.21 (1);

#### *Skylar Smith's Damages for The Loss Of Her Mother:*

(iii) Julie Smith's surviving minor daughter, Skylar, may recover for lost parental companionship, instruction, guidance and for mental pain and suffering

from the date of her death. F.S. § 768.21 (3);

(iv) Skylar is also entitled to recover the value of the support and services which her mother Julie would have provided her but for her death. F.S. § 768.21 (1);

<u>*Shalie Smith's Damages for The Loss Of Her Mother*</u>:

(v) Julie Smith's surviving minor daughter, Shalie, may recover for lost parental companionship, instruction, guidance and for mental pain and suffering from the date of her death. F.S. § 768.21 (3);

(vi) Shalie is also entitled to recover the value of the support and services which her mother Julie would have provided her but for her death. F.S. § 768.21 (1);

<u>*Julie's Estate's Economic Damages*</u>:

(vii) F.S. § 768.21 (6) provides that Shane Smith as the Executor of his wife Julie Smith's Estate may recover the following: Loss of the past and prospective net accumulations of Julie's estate, which might reasonably have been expected but for the wrongful death, reduced to present money value, and (b) Medical or funeral expenses due to the decedent's death that have become a charge against her estate or that were paid by or on behalf of Julie, excluding amounts already paid by a survivor.

<u>***Recoverable Damages from The Death of Jaxon Smith***</u>:

(viii) F.S. § 768.21 (4) provides that Shane Smith, as the surviving father of his only son Jaxon, may recover for his mental pain and suffering for the loss of his

only son Jaxon's companionship, love and attentions, from the date of his death for the rest of his life expectancy.

(ix)  F.S. § 768.21 (6) provides that Shane Smith as the Executor of his only son Jaxon Smith's Estate may recover funeral and burial expenses incurred on behalf of Jaxon's Estate.

### ***Recoverable Damages from The Death of Scarlett Smith:***

(x) F.S. § 768.21 (4) provides that Shane Smith, as the surviving father of his five-year-old daughter Scarlett may recover for his mental pain and suffering from the date of her death for the rest of his life expectancy.

(xi) F.S. § 768.21 (6) provides that Shane Smith as the Executor of Scarlett Smith's Estate may recover funeral and burial expenses incurred on behalf of Scarlett's Estate.

### ***Recoverable Damages from The Death of Josephine Fay***:

(xii) F.S. § 768.21 (2) provides that Plaintiff WILLIAM FAY, SR., as a surviving spouse may recover for the loss of Josephine's companionship and protection of his wife of over 50 years, and for his mental pain and suffering for the rest of his life.

(xiii)  F.S. § 768.21 (6) provides that William Fay as the Executor of Josephine Fay's Estate mkkay recover funeral and burial expenses incurred on behalf of Josephine's Estate.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a matter of right.

DATED:  August 17, 2021.

**BISHOP & MILLS, PLLC**
1 Independent Drive, Suite 1700
Jacksonville, FL 32202
Phone: (904) 598-0034
Fax: (904) 598-0395

By: */s/  Thomas  E.  Bishop*
     THOMAS E. BISHOP
     Fla. Bar No. 956236
Email: *tbishop@bishopmills.com*
       *service@bishopmills.com*

and

**SHEFTALL & ASSOCIATES, P.A**.

Scott D. Sheftall
Florida Bar Number 231398
One Independent Drive, Suite 3201
Jacksonville, FL  32202
(904) 647-4067 / (904) 379-6871 (fax)
*sheftall@sheftalllaw.com*
*jmazzeo@sheftalllaw.com*

*Counsel for Plaintiffs*